UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN ALLARD,<br><br>    Plaintiff,<br><br>    v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | No. 2:18-cv-00742 JAM AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff previously filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, which this court granted. ECF No. 3. On initial screening pursuant to the IFP statute, the court dismissed plaintiff's complaint with leave to amend. Id. Before the court now is plaintiff's First Amended Complaint ("FAC"). For the reasons explained below, the undersigned finds the FAC does not state a claim and that further leave to amend would be futile. The undersigned therefore recommends dismissal of plaintiff's case with prejudice.

## I. SCREENING

As discussed in the undersigned's prior order, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The

federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at

570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000) (en banc).

## II.  THE COMPLAINT

The putative FAC alleges that plaintiff was "wrongfully arrested and held under 5150, 5250, and 5270 involuntarily in Sierra Vista a lockdown mental institution from March 3rd 2015 to March 26th 2015, when she was deemed no longer holdable and released to her own custody." ECF No. 1at 1.  The remainder of her FAC is largely unintelligible.  Plaintiff recites a litany of federal laws, professional policies (i.e. the Hippocratic Oath), and company policies (i.e. Kaiser's treatment standards) that defendant allegedly violated.  Id. at 1-2.  Plaintiff asserts she is an experienced whistleblower and is entitled to a whistleblower settlement.  Id.  Plaintiff does not assert any facts to support a wrongful arrest claim.  Plaintiff attached to her FAC a large volume of documents including, in part, medical records (Id. at 25-50), a thank you card from her daughter (id. at 16), and unsigned witness declarations attesting to the plaintiff's personal attributes (id. at 18-24).

## III.  ANALYSIS

The FAC does not contain facts supporting any cognizable legal claim against the defendant.  The court finds that the FAC is incoherent and consists largely of fanciful and delusional allegations.  Although plaintiff lists several federal laws in her FAC, it is unclear from the document as a whole what facts support any cause of action against the defendant.  The undersigned is unable to discern any basis for a federal cause of action from the FAC.  For these reasons, and because plaintiff has demonstrated an inability to improve the complaint by amendment even with guidance from the court, it is apparent that further amendment would be futile.  The undersigned will therefore recommend that the FAC be dismissed with prejudice.

## V. CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that all claims against defendant should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 7, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE